IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BLAKE O'BRYAN SWANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:24-cv-02344-JPM-atc |
| v. ) | |
| ) | |
| BRYAN JORDAN and ) | |
| FIRST HORIZON BANK, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**
*SUA SPONTE*

Before the Court is the Report and Recommendation filed by United States Magistrate Judge Annie T. Christoff on September 24, 2024. (ECF No. 8.) The Report and Recommendation served as Magistrate Judge Christoff's screening under 28 U.S.C. § 1915(e)(2). (Id. at PageID 19.) Neither Plaintiff Blake O'Bryan Swann ("Plaintiff" or "Swann") nor Defendants Bryan Jordan and First Horizon Bank (the "Bank") (collectively, "Defendants") filed any objection. Time having run, the Court finds that no clear error appears on the face of the record and thus **ACCEPTS** the Report and Recommendation of Magistrate Judge Christoff and **DISMISSES** Plaintiff's case *sua sponte*.

I.     **BACKGROUND**

Plaintiff filed suit on May 20, 2024, alleging violations of his civil rights under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleges that, at some point around 2018, he "joined" the Bank. (Id.) He claims that the Bank thereafter "remov[ed] unauthorized withdraws [sic]," which he disputed multiple times. (Id.) He also alleges that the Bank did not deposit the full amount of his disability

check. (Id.) For relief, he seeks three billion dollars from Defendants for mental anguish and violations of consumer laws. (Id.; ECF No. 1-1.)

II. **LEGAL STANDARD**

  A. *Report and Recommendation*

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding in forma pauperis at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Report and Recommendation constituted the Court's screening.

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes. The "failure to properly file objections constitutes a waiver of appeal." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

  B. *Failure to State a Claim*

Under the Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief under the law that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the complaint's factual allegations as true. See id. at 555–56. However, the

Court should not accept "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If the Court's context-specific review of the plaintiff's factual allegations does not permit the Court to "infer more than the mere possibility of misconduct," the plaintiff has failed to show that they are entitled to relief. Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

In a Rule 12(b)(6) motion, courts can only consider the complaint, the attached exhibits, and any "items appearing in the record . . . and exhibits attached to [the] defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." Reichert v. Bakery, Confectionary, Tobacco Workers & Grain Millers Pension Comm., No. 2:23-cv-12343, 2024 U.S. Dist. LEXIS 113803, at *3 (E.D. Mich. Apr. 17, 2024) (quoting Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008)).

42 U.S.C. § 1983 imposes liability on an individual acting under color of state law for any "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "Only claims against 'state actors' are eligible for relief under the statute." Howell v. Father Maloney's Boys' Haven, Inc., 976 F.3d 750, 752 (6th Cir. 2020) (quoting Lugar v. Edmonson Oil Co., 457 U.S. 922, 940 (1982)). A private entity acting on its own without government action cannot deprive a person of a right provided by the Constitution. Lansing v. City of Memphis, 202 F.3d 821, 828 (6th Cir. 2000) (citing Flagg Bros. Inc. v. Brooks, 436 U.S. 149 (1978)).

III.   **ANALYSIS**

Magistrate Judge Christoff found as follows:

Swann has failed to state a claim for a civil rights violation under 42 U.S.C. § 1983. . . . Swann fails to allege facts demonstrating that either Bryan Jordan or First Horizon Bank is a state actor or acted under color of state law. His allegations detail only a private banking relationship with First Horizon Bank, and he includes no

3

allegations whatsoever regarding Jordan. . . . Absent a federal claim, Swann's Complaint does not otherwise allege facts that would establish this Court's jurisdiction over this case under 28 U.S.C. § 1332.

Because no objections to the Report and Recommendation for Dismissal *Sua Sponte* have been filed, the Court reviews the Report and Recommendation for clear error. Fed. R. Civ. P. 72(b)(3). Upon full review of the Magistrate Judge's Report and Recommendation, the Court has not identified any clear error and concurs with the Magistrate Judge's findings. The Report and Recommendation is, therefore, **ADOPTED**. Accordingly, the Court holds that Plaintiff fails to state a claim upon which relief can be granted. Thus, Plaintiff's case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED** this 31st day of October, 2024.

                                                 */s/ Jon P. McCalla*
                                                 JON P. MCCALLA
                                                 UNITED STATES DISTRICT JUDGE